# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:  20-CV-2758

MIGUEL J. GONZALEZ-MORALES, an individual, and LILIANA GONZALEZ, an individual,

    Plaintiffs,

v.

KNIGHT ADJUSTMENT BUREAU, a Utah corporation

    Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action brought by Miguel J. Gonzalez-Morales and Liliana Gonzalez, individuals (the "**Plaintiffs**"), against Knight Adjustment Bureau ("**Knight**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**") and the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 5-16-101 *et seq.* (hereinafter "**CFDCPA**").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claim in this action that it forms part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiffs are individuals who reside in the County of Arapahoe, State of Colorado.

6. Plaintiffs are "consumers", as that term is defined by 15 U.S.C. § 1692a(3) and Colo. Rev. Stat. § 5-16-103(5).

7. Knight is a corporation that collects debts from consumers in the State of Colorado.

8. Knight has a place of business at 5525 S. 900 E, Suite 215, Salt Lake City, Utah 84117.

9. Knight regularly attempts to collect debts from consumers alleged to be due another.

10. Knight is engaged in a business, the principal purpose of which is the collection of debts.

11. Knight takes assignment of debts for collection purposes.

12. Knight regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Knight is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6), and a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

## FACTS

14. Plaintiffs allegedly incurred an obligation to an entity of unknown type known as "Recording Radio Film" (the "**Creditor**") for education and training in music recording (the "**Debt**").

15. The Debt was incurred primarily for personal, family, or household purposes.

16.     Plaintiffs dispute that they are liable on the Debt because the services they allegedly contracted for were accompanied by misrepresentations made by the Creditor and not provided in accordance with the terms of the agreement, if at all.

17.     The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692(a)(5) and Colo. Rev. Stat. § 5-16-103(8)(a).

18.     The Creditor allegedly assigned the Debt to Knight for collection.

19.     On or about August 21, 2020, Knight sent a dunning letter to Plaintiffs to collect the Debt (the "**Letter**").

20.     At the time that Knight sent the letter, Knight was not licensed as a collection agency in the State of Colorado.

21.     Knight does not maintain a location in Colorado.

22.     The Letter states that Knight will report the Debt to a credit bureau if Plaintiffs fail to pay, but "will not submit a negative credit report to a credit bureau until after the expiration of the [15 U.S.C. § 1692g and C.R.S. § 5-16-109 validation period]."

23.     On June 29, 2020, prior to sending the Letter, Knight had already submitted a negative report to Experian, a credit bureau, regarding Mr. Gonzalez-Morales.

24.     By threatening to report the Debt to a credit bureau after the expiration of the thirty-day validation period, the Letter overshadowed and was inconsistent with Plaintiffs' rights to dispute the Debt.  Specifically, Knight's threat to report the Debt to a credit bureau after the expiration of the thirty-day validation period overshadows and is inconsistent with the Plaintiffs' rights to dispute the Debt and cause Knight to cease all collection activities, including negative credit reporting, until after Knight has verified the Debt.

25.     The Letter states that the amount of the Debt is $11,516.08.

26.     When Knight reported the Debt to Experian, Knight reported the balance as $11,341.00.

27. To the extent the alleged balance increased from June 29, 2020 to August 21, 2020, the increase was due to the unilateral imposition of interest by Knight.

28. In the Letter, Knight failed to disclose that the account balance could increase due to the imposition of interest.

29. The Letter discloses the wrong website address required by C.R.S. § 5-16-105(3)(c).

30. By disclosing the wrong website address, Knight deprived Plaintiffs of their statutorily created right to obtain additional information concerning their rights when contacted by a collection agency.

31. The Letter fails to disclose Plaintiff's right to request Knight to cease communicating with Plaintiffs under C.R.S. § 5-16-105(3)(d).

32. By failing to disclose Plaintiff's right to request the collection agency to cease communications, Knight deprived Plaintiffs of their statutorily created right to require the collection agency to cease communicating with them.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

33. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

34. At all times material hereto, Plaintiffs were "consumers", as that term is defined by 15 U.S.C. § 1692a(3).

35. At all times material hereto, the balance that Knight was attempting to collect was a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

36. At all times material hereto, Knight was a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

37. The FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e

38. The FDCPA prohibits debt collectors from misrepresenting the character, amount, or legal status of any debt.  15 U.S.C. § 1692e(2)(A).

39. The FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

40. Knight violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) by failing to disclose that the Debt was accruing interest.

41. The FDCPA requires a debt collector, in its initial communication with a consumer, to disclose the consumer's right to dispute the debt and cause the debt collector to cease communication with the consumer until verification is provided.  15 U.S.C. § 1692g(a), (b).

42. Any communications made with the initial communication or within the validation period must not overshadow or be inconsistent with the consumer's validation rights under 15 U.S.C. § 1692g(a).  15 U.S.C. § 1692g(b).

43. In the Letter, which was Knight's "initial communication" with the Plaintiffs, Knight made statements inconsistent with the Plaintiffs' validation rights that overshadowed their rights to dispute the Debt and cause Knight to cease collection of the Debt.

44. The foregoing acts of Knight constitute violations of the FDCPA.

45. Plaintiffs have suffered and continue to suffer actual damages, such as stress and anxiety, as a result of Knight's unlawful conduct.

46. Plaintiffs are entitled to judgment against Knight for actual and statutory damages, including attorney fees and costs, under the FDCPA, in an amount to be determined at trial.  15 U.S.C. § 1692k.

## COUNT II
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

47. Plaintiff Miguel J. Gonzalez-Morales incorporates by reference the allegations of paragraphs 1 through 32 as though fully set forth herein.

48. At all times material hereto, Plaintiff Miguel J. Gonzales-Morales was a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

49. At all times material hereto, the balance that Knight was attempting to collect was a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

50. At all times material hereto, Knight was a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

51. The FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e, 1692e(10).

52. Knight violated 15 U.S.C. §§ 1692e and 1692e(10) with respect to Mr. Gonzalez-Morales by stating that it would not make a negative credit report to a credit bureau until after the expiration of the thirty-day validation period when Knight had already made such a report.

53. The foregoing act of Knight constitutes a violation of the FDCPA.

54. Plaintiff Gonzalez-Morales has suffered and continue to suffer actual damages, such as stress, anxiety, and a diminished credit rating, as a result of Knight's unlawful conduct.

55. Plaintiff is entitled to judgment against Knight for actual and statutory damages, including attorney fees and costs, under the FDCPA, in an amount to be determined at trial. 15 U.S.C. § 1692k.

## COUNT III
### (Violations of the CFDCPA, Colo. Rev. Stat. § 5-16-101 *et seq.*)

56. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 32 as though fully set forth herein.

57. At all times material hereto, Plaintiffs were "consumers", as that term is defined by Colo. Rev. Stat. § 5-16-103(5).

58. At all times material hereto, the Debt that Knight was attempting to collect was a "debt", as that term is defined by Colo. Rev. Stat. § 5-16-103(8)(a).

59. At all times material hereto, Knight was a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

60. The CFDCPA prohibits debt collectors from conducting "the business of a collection agency . . . without having obtained a license under this article," and further requires that "[a]ny person acting as a collection agency must possess a valid license issued by the administrator . . . ." Colo. Rev. Stat. §§ 5-16-115(1)(a) and 5-16-118.

61. Knight violated Colo. Rev. Stat. §§ 5-16-115(1)(a) and 5-16-118 by collecting debts in the State of Colorado but failing to obtain a valid license to collect debts in the State of Colorado.

62. The CFDCPA requires debt collectors to maintain an office within the State of Colorado that is open to the public during normal business hours and staffed by at least one full-time employee. Colo. Rev. Stat. § 5-16-123(1)(b)(I)(A).

63. Knight violated Colo. Rev. Stat. § 5-16-123(1)(b)(I)(A) by failing to maintain an office within the State of Colorado.

64. The CFDCPA requires each communication from a collection agency to disclose the consumer's right to request the collection agency to cease communication with the consumer. C.R.S. § 5-16-105(3)(d).

65. Knight violated C.R.S. § 5-16-105(3)(d) by failing to disclose to Plaintiffs that they had a right to request the collection agency to cease communications.

66. The CFDCPA requires the initial communication from a collection agency to a consumer to include the statement: "FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM." C.R.S. § 5-16-105(3)(c).

67. If the website changes, the collection agency must provide the then current website address.  Id.

68. The website for additional information on the CFDCPA changed several years ago.

69. Knight violated the CFDCPA by failing to disclose the correct website address in the Letter, which was Knight's initial communication with Plaintiffs.

70. To the extent that the violations of the foregoing requirements under the CFDCPA are unlike Knight's violations under the FDCPA, Plaintiffs are entitled to statutory damages under the CFDCPA in addition to the FDCPA.

71. Plaintiffs have suffered and continue to suffer actual damages, such as stress and anxiety, as a result of Knight's unlawful conduct.

72. Plaintiffs are entitled to judgment against Knight for actual and statutory damages, including attorney fees and costs, under the CFDCPA, in an amount to be determined at trial.  Colo. Rev. Stat. § 5-16-113.

### COUNT IV
**(Violations of the CFDCPA, Colo. Rev. Stat. § 5-16-101 *et seq.*)**

73. Plaintiff Miguel J. Gonzalez-Morales incorporates by reference the allegations of paragraphs 1 through 32 as though fully set forth herein.

74. At all times material hereto, Plaintiff Miguel J. Gonzalez-Morales was a "consumer", as that term is defined by Colo. Rev. Stat. § 5-16-103(5).

75. At all times material hereto, the Debt that Knight was attempting to collect was a "debt", as that term is defined by Colo. Rev. Stat. § 5-16-103(8)(a).

76. At all times material hereto, Knight was a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

77. The CFDCPA prohibits a collection agency from making a negative credit report prior to the expiration of the thirty-day validation period provided by C.R.S. § 5-16-109.  C.R.S. § 5-16-108(1)(j).

78. With respect to Plaintiff Miguel J. Gonzalez-Morales, Knight violated C.R.S. § 5-16-108(1)(j) by making a negative credit report prior to the expiration of the thirty-day validation period provided by C.R.S. § 5-16-109.

79. To the extent that the violations of the foregoing requirements under the CFDCPA are unlike Knight's violations under the FDCPA, Plaintiff Miguel J. Gonzalez-Morales is entitled to statutory damages under the CFDCPA in addition to the FDCPA.

80. Plaintiff Miguel J. Gonzalez-Morales has suffered and continue to suffer actual damages, such as stress, anxiety, and a diminished credit rating, as a result of Knight's unlawful conduct.

81. Plaintiff is entitled to judgment against Knight for actual and statutory damages, including attorney fees and costs, under the CFDCPA, in an amount to be determined at trial.  Colo. Rev. Stat. § 5-16-113.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Miguel J. Gonzalez-Morales and Liliana Gonzalez pray for relief and judgment against Knight Adjustment Bureau as follows:

1. Awarding each Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding each Plaintiff actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at trial;

3. Awarding each Plaintiff statutory damages, pursuant to Colo. Rev. Stat. § 5-16-113(1)(b)(I), in the amount of $1,000.00;

4. Awarding each Plaintiff actual damages pursuant to Colo. Rev. Stat. § 5-16-113(1)(a) in an amount to be determined at trial;

5. Enjoining Knight from the illegal collection of debts without a license;

6. Awarding Plaintiffs reasonable attorney fees and costs incurred in this action;

7. Awarding Plaintiffs pre-judgment and post-judgment interest as may be allowed under the law; and

8. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: September 11, 2020

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com